■ Jung Fu Wu et al., Appellants, v Robert Stolp, Respondent. (And a Third-Party Action.) [674 NYS2d 503] —Mercure, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered May 12, 1997 in Tompkins County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

In November 1978, plaintiff Jung Fu Wu (hereinafter plaintiff) and his then partner, Michael Pan, purchased a restaurant business and associated real property in the City of Ithaca, Tompkins County, for $95,000. They were represented

on the transaction by defendant, an attorney. The purchase was financed by an $89,500 mortgage loan from Tompkins County Trust Company, secured by the restaurant property and plaintiff's private residence. Shortly after the closing, the Department of Taxation and Finance asserted a claim against plaintiff and Pan for sales and use taxes which the seller had apparently failed to pay in connection with the operation of one or more of its businesses. In August 1979, plaintiff bought out Pan's share of the business for $30,000 and thereafter formed a partnership with the restaurant's chef/manager, identified by plaintiff as Mr. Chiang. Ultimately, the business failed and Tompkins County Trust Company foreclosed its liens on the business real estate and personalty and plaintiff's residence, all of which were ultimately disposed of at a foreclosure sale.

Plaintiffs commenced this action in 1984, asserting individual and derivative damages as the result of defendant's, *inter alia*, malpractice in failing to ensure that property purchased by plaintiff was not encumbered by tax liens or affected by other title defects. After joinder of issue, discovery, third-party practice which is not at issue here and the passage of many years, plaintiffs moved and defendant cross-moved for summary judgment. Concluding that defendant had established as a matter of law that plaintiffs' claimed damages were not proximately caused by defendant's malpractice, even if established, Supreme Court denied plaintiffs' motion, granted defendant's motion and dismissed the complaint. Plaintiffs appeal.

We affirm. Significantly, plaintiffs make no claim of damages as a direct result of the State's imposition of its tax lien. Rather, plaintiffs' theory of damages is that the very existence of the tax lien, even absent any enforcement procedures, caused plaintiff's business to fail (with consequential loss of income and impairment of business reputation), caused plaintiff to lose his academic position at Cornell University, caused plaintiff to experience extreme emotional distress and disturbance and an inability to enjoy his life and also caused his wife, plaintiff Chyan Chu Chang, to suffer a great deal of emotional anguish, disturbance and distress. We agree with Supreme Court that plaintiffs failed to counter defendant's prima facie showing with any competent evidence to support their novel damage theory. Significantly, plaintiff's averments that Chiang became "angry" when he found out about the lien, causing the business relationship to "sour" and Chiang to "abandon" the business, thereby leading to its demise, are conclusory, speculative and

largely incompetent. In addition, although plaintiff claims to have paid $2,000 toward the tax liability assessed against the business, the record is devoid of evidence connecting that voluntary payment to defendant's claimed malpractice. Significantly, plaintiff never utilized a $10,000 escrow account that was established at the time of closing for payment of sales and use taxes. Plaintiffs' remaining contentions are found to be similarly meritless.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.